IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

JOSEPH R. LAUMANN

   Plaintiff

v.

CRAIG A. KEESE

And

LEONARDS EXPRESS INC.

   Defendants

Civil Action No.: 16-CV-00889

## MOTION TO MODIFY SCHEDULING ORDER & POSTPONE ADR DATE

Now come the Defendants, Craig A. Keese and Leonard's Express, Inc., by their attorney, Mark J. Strong, and move to modify the Scheduling Order issued in this case, and further state:

1. That a Scheduling Order was issued on August 16, 2016. It included a deadline of November 14, 2016 for Defendants to name experts; i.e., 26(A)(2) Disclosures.

2. Plaintiff filed a Status Report on May 12, 2017 in which, inter alia, it was correctly pointed out that Defendants did not submit 26(A)(2) Disclosures by the November 14, 2016 deadline.

3. That the Scheduling Order was modified in part on May 24, 2017 with three specific changes made to the original Scheduling Order:

   a. September 31 (sic), 2017-Discovery Deadline, Submission of Status Report

   b. October 10, 2017-Requests for Admissions

   c. October 31, 2017-Dispositive Pretrial Motions Deadline

4. That all of the above events took place prior to June 16, 2017, which was the date

undersigned defense counsel entered his appearance while striking that of the previous attorney, Linda Ham.

5. On June 21 and 26 of 2017, undersigned defense counsel called and left messages for Plaintiff. We spoke on June 27, 2017 and exchanged several emails from that date up through August 11, 2017. Among many topics, undersigned defense counsel repeatedly asked Plaintiff to provide tax returns. These were finally provided on August 11, 2017. The email chain is attached as Exhibit 1.

6. Plaintiff, an attorney representing himself pro se in this lawsuit, was deposed on August 14, 2017.

7. Plaintiff is continuing to treat for his alleged injuries and, per his deposition testimony of August 14, 2017, is planning to undergo a significant back surgery (multi-level lumbar fusion), likely in November of 2017.

8. It should also be noted that Plaintiff, a solo practitioner, has made a significant lost income claim. Per his Answers to Interrogatories, provided on November 21, 2016, his conservative estimate of lost income is $250,000. No supporting documents of any kind were provided to give credence to the lost income claim; i.e., the entire basis for the lost income claim was a single interrogatory Answer. Again, his tax returns were not provided until August 11, 2017, almost nine months since his Answers to Interrogatories were filed.

9. During his deposition, Plaintiff provided partial information on select clients who he claims he "lost" because of his inability to represent them due to his injuries. Plaintiff testified that certain clients who had previously retained him ended up discharging him, ostensibly because his injuries prevented him from effectively

2

handling their cases. Some of those clients—it is unknown how many—have past due balances owed to him that in at least some instances they are refusing to pay. When they discharged him, Plaintiff claims he also lost potential future income he would have billed for trial preparation and attendance. Plaintiff also testified to canceling appointments with prospective clients because his health precluded him from meeting those clients. Finally, if and when Plaintiff undergoes the fusion procedure, he is anticipates missing several months of work. He is currently trying to reassign his caseload to other counsel for the time when he is recovering from the surgery. But no documentary evidence has been supplied to support any claim of income loss other than the aforementioned tax returns.

10.    These late-developing events, ongoing claims of loss, and potential future losses (as well as future medical & surgical bills) leave this case in a state of uncertainty. The recent receipt of the tax returns answer some of the questions but they—and Plaintiff's vague claims of past and future income loss—raise a number of additional questions that cannot be answered overnight. It is not possible at this time for either side to properly assess the case value. It is true that Defendants did not name experts by the court-imposed deadline. Plaintiff was asked if he would agree to an extension for Defendants to name such experts, but he declined. So be it. However, it is also true that Plaintiff has not produced complete discovery responses. The ongoing nature of his treatment, and the pending surgery, make compliance next to impossible for him, but this is still an unfair burden for Defendants to continue reacting to new records of treatment while awaiting a surgical report potentially

coming up in November. And what of the post-surgical care and time to be missed from work? As to lost income, Plaintiff, as noted above, only just provided the tax returns. His lost wage claim is very general, ambiguous, speculative, and incomplete by any analysis. The Discovery Deadline expires on the last day of September, 2017. If Plaintiff argues, as is expected, that Defendants missed the Expert Deadline, then he should not be allowed to provide any more medical or lost wage information after the Discovery Deadline. The Scheduling Order binds both sides. But it is suggested here that this case now requires a "restart", which will prejudice no one. It should be pointed out that Plaintiff, a practicing attorney who has been running his own business for close to twenty years, is very experienced and in no danger of being taken advantage of by Defendants. It is also worth noting that Plaintiff is acting as his own counsel for purposes of negotiations.

11.   Hence, Defendants are making three requests for modification of the Scheduling Order:

a.    That Defendants be allowed a 26(A)(2) extension; i.e., a new deadline, cognizant of the Plaintiff's own calendar, to name both medical and economic experts. Plaintiff's right, if he wishes, to name rebuttal experts should be extended in a similar fashion.

b.    That the Discovery Deadline be extended in a similar fashion, as deemed appropriate by the Court.

c.    Independent of any decision made by the Court to allow or disallow the requested extensions, that the current ADR date of September 9, 2017, 10:00 be rescheduled to allow Defendants time to evaluate the evolving damage claims of

4

Plaintiff.   At the conclusion of his deposition, Plaintiff stated that he would not object to a postponement of the ADR date.

Mark J. Strong
Federal Bar No.:  26906
Law Office of Jonathan P. Stebenne
100 South Charles Street
Suite 1101-Tower II
Baltimore, MD 21201
(410) 752-0575 or 410-649-0973
Mark.Strong@LibertyMutual.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of August, 2017, a copy of the foregoing Motion to Modify Scheduling Order and Postpone ADR date and proposed Order has been mailed to:

Joseph R. Laumann, Esquire
Law Office of Joseph Laumann
1160 Spa Road
Suite 3C
Annapolis, Maryland 21403
Pro Se Plaintiff

Mark J. Strong
*Counsel for Defendants*